IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GENEVA HAWTHORNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CEASAR HARRAH'S CORPORATION,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>Section:<br><br>Judge:<br>Magistrate Judge: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441(b), Defendant Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino, erroneously identified as "Ceasar Harrah's Corporation" (hereinafter "Jazz Casino"), files this Notice of Removal thereby removing to this court the state court action brought by Plaintiff Geneva Hawthorne (hereinafter "Plaintiff").

## I.
## INTRODUCTION

On September 10, 2019, Plaintiff Geneva Hawthorne ("Plaintiff") commenced an action in the Civil District Court for the Parish of Orleans, State of Louisiana, by filing a Petition entitled *Geneva Hawthorne v. Ceasar Harrah's Corporation*, Civil Action Number: 2019-09455 (the "Petition"). The Petition was served on or about December 12, 2019.[1] Removal has occurred within the time period prescribed by 28 U.S.C. § 1446(b). Jazz Casino has also provided written

---

[1] Plaintiff served Caesars Licensing Company, LLC, not a named party in this Petition. However, in an abundance of caution, since Defendant has been put on notice of this action, Defendant is filing this notice of removal within the thirty (30) day period following service on this entity but is not waiving any affirmative defense it may assert as to service of process. Plaintiff's Petition also fails to name Jazz Casino Company, LLC as a defendant, but since her allegations are undisputedly against her former employer, Jazz Casino Company, LLC is the proper defendant in this action. *See Michael Fayard v. Harrah's Casino New Orleans*, Case 2:17-cv-07760-CJB-DEK (E.D. La. August 11, 2017).

notice of this removal to the clerk of the Civil District Court for the Parish of New Orleans, Division D, Section 12.

Plaintiff asserts she was wrongfully terminated from her employment with Jazz Casino and was sexually harassed by one of her supervisors. Plaintiff's allegations are more particularly described in Plaintiff's Petition which is attached hereto as part of the certified court record, Exhibit 1. Jazz Casino seeks removal on the basis of diversity of citizenship.

## II.
## GROUNDS FOR REMOVAL
### (Diversity Jurisdiction)

Removal is proper pursuant to 28 U.S.C. §1332, based on diversity of citizenship jurisdiction because: (1) there is complete diversity of citizenship between the parties; and (2) the actual amount in controversy exceeds $75,000.

**1. There is complete diversity of citizenship between the parties.**

Plaintiff alleges she is "a resident of the Parish of Orleans, State of Louisiana." *See* Exhibit 1, Plaintiff's Petition at p. 1. Assuming the foregoing is true, the next issue is determining whether Jazz Casino is a citizen of a state other than Louisiana. As explained below, Jazz Casino, a limited liability company, is a citizen of Delaware and Nevada.

The citizenship of a limited liability company is determined by the citizenships of all of its members. *Carter v. Strategic Rest. Acquisition Co. LLC*, CV 16-2673, 2016 WL 2825848, at *1 (E.D. La. May 13, 2016) (citing *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080–81 (5th Cir. 2008)). "If one of its members is an LLC or a partnership, the citizenships of that entity's members or partners must continue to be traced until an individual and/or a corporation is reached." Id at *1(citing *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 397 (5th Cir. 2009)). The limited liability company's principal place of business is irrelevant in determining its citizenship for the

purpose of establishing diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)("Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes § 12:1301(a)(10) overwhelmingly support the position that a LLC should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members").

Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino is the owner and operator of Harrah's New Orleans Casino and is owned by a single member, JCC Holding Company, II, LLC, which is a Delaware limited liability company with its principal place of business in Nevada, and JCC Holding Company II, LLC has a single member, Caesars Growth Harrah's New Orleans, LLC, which is a Delaware limited liability company with its principal place of business in Nevada. *See* Declaration of Christine Chang, Exhibit 2 at ¶ 2. Thus, Jazz Casino is a citizen of Delaware and Nevada. In view of the foregoing, and because Plaintiff is a citizen of Louisiana and Jazz Casino is a citizen of Delaware and Nevada, there is complete diversity of citizenship between the parties.

2. **The actual amount in controversy exceeds $75,000**.

Louisiana law prohibits plaintiffs from specifying the numerical value of their damages and, consequently, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, (5th Cir.2002); *Creppel v. Fred's Stores of Tennessee, Inc.*, CIV.A. 13-734, 2013 WL 3490927, at *2 (E.D. La. July 10, 2013). The Fifth Circuit has established a two-step analysis in determining the amount in controversy under such circumstances. First, the district court inquires whether it is facially apparent the claims are likely to exceed $75,000 and, if so, removal is proper.

*Manguno*, 276 F.3d at 723; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Second, if it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen*, 63 F.3d at 1336. *See also, Manguno*, 276 F.3d at 723.

When making the "facially apparent" determination, the correct procedure is to look exclusively at the face of the complaint and ask whether the amount in controversy is likely to exceed $75,000. Allen, 63 F.3d at 1336; C*reppel v. Fred's Stores of Tennessee, Inc*., CIV.A. 13-734, 2013 WL 3490927, at *2 (ED. La. July 10, 2013). Courts have held that seeking compensatory and punitive damages, as well as attorney's fees, in all likelihood exceeds the $75,000.00 threshold. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)(district court correctly examined on its face and concluded it was "more probable than not" that the lengthy list of compensatory and punitive damages sought by *White*, when combined with attorney's fees, would exceed $75,000). Indeed, a district court correctly concludes compensatory damages or punitive damages alone would "in all likelihood" exceed $75,000. Id. *See also*, *Allen*, 63 F.3d at 1336 (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount). Once the removing party makes this showing by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount." *Fairchild v. State Farm Mut. Automobile Ins. Co*., 907 F.Supp. 969, 970 (M.D.La.1995) (citing *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411–12 (5th Cir. 1995)).

Here, it is facially apparent that Plaintiff's claims are likely to exceed $75,000.00. Plaintiff alleges that she was sexually harassed by her supervisor and then terminated unlawfully. *See* Exhibit 1, Plaintiff's Petition at p. 2. Further, Plaintiff seeks an award of attorney fees and costs.

Id. at p. 3. Plaintiff further claims she is entitled to "$20,000,000 for pain and suffering for her sexual harassment claim" and "$5,000,000 for wrongful termination." Id.  Like the plaintiffs in *Allen* and *White*, Plaintiff's description of damages makes it likely the amount in controversy exceeds $75,000.00.

For these reasons, the amount in controversy exceeds $75,000.00 and, because the citizenship of the parties are completely diverse, removal jurisdiction is proper on diversity grounds.

## CONCLUSION

In conclusion, removal is proper because the amount in controversy between the completely diverse parties exceeds $75,000.00.

**WHEREFORE,** Defendant Jazz Casino Company, LLC respectfully requests that Plaintiff Geneva Hawthorne's civil action now pending before the Civil District Court for the Parish of Orleans, State of Louisiana in Civil Action Number: 2019-09455, be removed to this Court.

Dated this 10th day of January, 2020.

**MCGLINCHEY STAFFORD**

By: */s/ Magdalen Blessey Bickford*
Magdalen Blessey Bickford, Esq.
Louisiana Bar No.: 17472
601 Poydras Street, Suite 1200
New Orleans, Louisiana 70130
Telephone:  504-586-1200
Facsimile:  504-596-2800
mbickford@mcglinchey.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 10th day of January 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

    Geneva Hawthorne, *pro se*
    3402 Elysian Fields Avenue
    New Orleans, Louisiana 70122

                              */s/Magdalen Blessey Bickford*